UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | CAUSE NO.: 1:17-CR-5-TLS-SLC |
| | 1:19-CV-357-TLS |
| CHARLES MCCREARY | |

## OPINION AND ORDER

This matter is before the Court on a Letter [ECF No. 85], an unsigned Motion to Vacate [ECF No. 86], and a signed Motion to Vacate [ECF No. 88] filed by Defendant Charles McCreary. The Defendant was convicted of being a felon in possession of a firearm and ammunition in violation of 18 U.S.C. § 922(g)(1) and is serving his sentence. The Defendant now asks the Court to vacate his conviction and sentence under 28 U.S.C. § 2255 based on the Supreme Court's decision in *Rehaif v. United States*, 139 S. Ct. 2191 (2019). For the reasons set forth below, the Court DISMISSES the motion.

## BACKGROUND

On August 4, 2008, the Defendant was sentenced to ten years imprisonment on a conviction of battery, a Class B Felony, in Allen Superior Court, Fort Wayne, Indiana, in Cause Number 02D04-0802-FB-00030. *See* Second Revised Final Presentence Investigation Report ¶¶ 24, 54, ECF No. 72. He was released on March 14, 2011, to the Allen County Community Corrections Community Transition Program but was later terminated from the program for violating its terms and conditions and was sentenced to four years of imprisonment. *Id.* at ¶ 54. On July 2, 2012, the Defendant was sentenced to two years of imprisonment on convictions of domestic battery and strangulation, Class D Felonies, in the Allen Superior Court, Fort Wayne, Indiana, in Cause Number 02D05-1203-FD-000432, to be served consecutively to the sentence

on the battery conviction. *See id.* at ¶¶ 25, 59. And, on April 17, 2014, the Defendant was sentenced to seven years of imprisonment on a conviction of battery, a Class C Felony, in the Allen Superior Court, Fort Wayne, Indiana, in Cause Number 02D04-1310-FD-0001146. *See id.* at ¶¶ 26, 64. He was released to probation on August 7, 2016, but had his probation revoked on August 17, 2017, due to the charges in the instant case and the related state case, and was sentenced to four years imprisonment. *Id.* at ¶¶ 64, 70.

The Defendant was charged by indictment with being a felon in possession of a firearm and ammunition on January 1, 2017, in violation of 18 U.S.C. § 922(g)(1), based on the three prior state felony convictions. *See* Jan. 25, 2017 Indictment, ECF No. 1. On April 10, 2018, a plea agreement [ECF No. 47] was filed, and, the Defendant pleaded guilty to the charge on April 26, 2018, *see* Change of Plea Hearing, ECF No. 51. On September 28, 2018, the Court entered a judgment of conviction, sentencing the Defendant to 180 months imprisonment. *See* Judgment 2, ECF No. 77. On October 1, 2018, the Defendant filed a Notice of Appeal [ECF No. 78]. On May 6, 2019, the Seventh Circuit Court of Appeals dismissed the appeal on Defendant's motion pursuant to Federal Rule of Appellate Procedure 42(b). *See* Mandate, ECF No. 84. On August 12, 2019, the Defendant filed a letter asking for appointment of counsel [ECF No. 85] and an unsigned Motion to Vacate pursuant to § 2255 [ECF No. 86].[1] On January 20, 2021, the Court took the motion under advisement and set a deadline of February 23, 2021, for the Defendant to file a signed motion. On February 8, 2021, the Defendant refiled a signed copy of his Motion to Vacate pursuant to § 2255 [ECF No. 88].

---

[1] The motion is timely because the Defendant filed his § 2255 motion on August 12, 2019, less than one year after his judgment of conviction became final. *See* 28 U.S.C. § 2255(f)(1).

**ANALYSIS**

Under 28 U.S.C. § 2255(a), a prisoner may move the sentencing court to vacate, set aside, or correct a sentence "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts provides that, upon preliminary consideration by the judge who received the motion, "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party." Rule 4(b), Rules Governing Section 2255 Proceedings. Relief under § 2255 "is available only in extraordinary situations." *Blake v. United States*, 723 F.3d 870, 878 (7th Cir. 2013).

The Defendant seeks relief under § 2255 based on the holding in *Rehaif v. United States*, 139 S. Ct. 2191 (2019), in which the Supreme Court addressed the government's burden when bringing a charge pursuant to 18 U.S.C. §§ 922(g) and 924(a)(2). Section 922(g) provides that it is unlawful for any person in one of the nine listed categories to possess any firearm or ammunition. *See* 18 U.S.C. § 922(g). Section 924(a)(2) sets forth the penalties for such a violation: "Whoever knowingly violates [§ 922(g)] shall be fined as provided in this title, imprisoned not more than 10 years, or both." *Id.* § 924(a)(2). In *Rehaif*, the Supreme Court held:

> [I]n a prosecution under 18 U.S.C. § 922(g) and § 924(a)(2), the Government must prove *both* that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm. We express no view, however, about what precisely the Government must prove to establish a defendant's knowledge of status in respect to other § 922(g) provisions not at issue here.

*Rehaif*, 139 S. Ct. at 2200 (emphasis added).

3

For a defendant charged under § 922(g)(1), like the Defendant in this case, *Rehaif* requires that the government prove, or the defendant admit, "that he knew he had 'been convicted in any court of[] a crime punishable by imprisonment for a term exceeding one year.'" *United States v. Williams*, 946 F.3d 968, 970–71 (7th Cir. 2020) (quoting 18 U.S.C. § 922(g)(1)). However, at the time of the Defendant's guilty plea, the law in the Seventh Circuit Court of Appeals, consistent with all the other Courts of Appeals at that time prior to *Rehaif*, was that § 922(g) did not require the government to prove that a defendant knew he belonged to one of the prohibited classes. *Williams*, 946 F.3d at 970 (citing *United States v. Lane*, 267 F.3d 715, 720 (7th Cir. 2001)). In his motion, the Defendant argues that under the holding in *Rehaif* he is "innocent" because, at the time of his guilty plea, the government did not have to prove that he fell into a relevant category. Def.'s Mot. 2, ECF No. 88.[2]

"In general, habeas corpus petitioners may not raise any issue that they might have presented on direct appeal." *Cross v. United States*, 892 F.3d 288, 294 (7th Cir. 2018) (citing *McCoy v. United States*, 815 F.3d 292, 295 (7th Cir. 2016)); *see also Bousley v. United States*, 523 U.S. 614, 621 (1998) ("[T]he voluntariness and intelligence of a guilty plea can be attacked on collateral review only if first challenged on direct review."). In this case, the Defendant filed an appeal that was dismissed on his own motion. A defendant may "overcome procedural default by showing cause for the default and actual prejudice . . . or that 'failure to consider the defaulted claim will result in a fundamental miscarriage of justice.'" *Cross*, 892 F.3d at 294–95 (internal citations omitted). "Absent a showing of both cause and prejudice, procedural default will only be excused if the prisoner can demonstrate that he is 'actually innocent' of the crimes of which

---

[2] The Defendant also states that the Supreme Court in *Rehaif* found that the word "knowingly" in § 924(a)(2) is "vague." Def. Mot. 1, 2, ECF No. 88. However, the holding in *Rehaif* was not based on a finding of vagueness. *See Rehaif*, 139 S. Ct. 2191.

he was convicted." *McCoy*, 815 F.3d at 295. "'[A]ctual innocence' means factual innocence, not mere legal insufficiency." *Bousley*, 523 U.S. at 623.

Even assuming the Defendant could satisfy the cause prong, the Defendant cannot demonstrate either prejudice or actual innocence based on the holding in *Rehaif*. A finding of prejudice in this context requires the Defendant to show a reasonable probability that he would not have pleaded guilty and would have gone to trial if he had known that the government was required to prove that he knew he belonged to a relevant category at the time he possessed the firearm and ammunition. *See Lee v. United States*, 137 S. Ct. 1958, 1965 (2017) (explaining that a defendant can show prejudice from counsel's deficient performance by showing "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial"); *United States v. Dowthard*, 948 F.3d 814, 818 (7th Cir. 2020) (finding under plain-error review on direct appeal that the defendant could not carry his burden of persuasion of showing that a plain error affected his substantial rights, which requires showing "a reasonable probability that he would not have pleaded guilty if he knew of *Rehaif*" (quoting *Williams*, 946 F.3d at 973)). Courts may consider evidence in the record to determine whether the knowledge element set forth in *Rehaif* has been established. *See, e.g.*, *Williams*, 946 F.3d at 973–74; *see also United States v. Maez*, 960 F.3d 949, 964 (7th Cir. 2020).

Unlike the defendant in *Rehaif*, who contested his knowledge that he was an illegal alien, the Defendant does not argue that he did not know he belonged to a relevant category. More specifically, the Defendant does not argue that he lacked knowledge that he had been convicted of a crime punishable by imprisonment for a term exceeding one year at the time he possessed the firearm and ammunition on January 1, 2017. Nor could the Defendant plausibly make such an argument given his three prior state felony convictions, the resulting sentences of more than

5

one year each on August 4, 2008, July 2, 2012, and April 17, 2014, and the years he served in prison. *See, e.g.*, *Dowthard*, 948 F.3d at 818 (finding that the defendant's "time in prison would severely hamper an assertion that he was ignorant of the fact that this crime was punishable by more than a year of imprisonment"); *Williams*, 946 F.3d at 973–74 (reasoning that the defendant "cannot plausibly argue that he did not know his [prior] conviction had a maximum punishment exceeding a year" when the defendant had been imprisoned for twelve years); *see also Maez*, 960 F.3d at 964–68 (finding no miscarriage of justice because of overwhelming evidence before the jury that each of the defendants knew he was a felon). Moreover, the Defendant testified at the change of plea hearing that, on January 1, 2017, he possessed the firearm and magazine with ammunition, he had previously been convicted of a felony, and he knew that as a convicted felon he was not allowed to possess a weapon but did so anyway. *See* Apr. 26, 2018 Change of Plea Hearing at timestamp 3:18, ECF No. 51.[3]

Thus, the Defendant "knew" that he had been convicted of a crime punishable by imprisonment for a term exceeding one year—one of the "relevant categor[ies] of persons barred from possessing a firearm" under § 922(g). *Rehaif*, 139 S. Ct. at 2200. This satisfies *Rehaif*, and the Defendant cannot show a reasonable probability that he would not have pleaded guilty if the *Rehaif* rule had applied. Therefore, the Defendant cannot show actual prejudice or actual innocence, and his claim is procedurally defaulted. Even if the Defendant's claim were not procedurally defaulted, it fails on the merits for the same reason that the Defendant cannot

---

[3] With this last statement, the Defendant admitted more than is necessary for the government to prove a violation of § 922(g)(1) under *Rehaif*. The Seventh Circuit Court of Appeals has held that, under *Rehaif*, the government is not required to prove that a defendant knew that belonging to the relevant category meant that he could not possess a firearm. *See Maez*, 960 F.3d at 954–55. Rather, the government must only prove that a defendant knew he had the relevant status. *Id.*; *see also United States v. Triggs*, 963 F.3d 710, 714–15 (7th Cir. 2020) (citing *Maez*, 960 F.3d at 954).

plausibly show that he did not know he had the relevant status at the time he possessed the firearm and ammunition as charged in the Indictment.[4]

Finally, the Defendant requests that the Court appoint counsel in relation to his § 2255 motion. *See* Letter, ECF No. 85. The Court may appoint counsel to a financially eligible person who is seeking relief under § 2255 if the "court determines that the interests of justice so require." 18 U.S.C. § 3006A(a)(2). However, there is no constitutional right to appointment of counsel in a § 2255 proceeding. *See Rauter v. United States*, 871 F.2d 693, 695 (7th Cir. 1989)). For the reasons set forth above, the interests of justice do not demand the appointment of counsel on this motion.

## CERTIFICATE OF APPEALABILITY

Under Rule 11(a) of the Rules Governing § 2255 proceedings, the Court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see also* Rule 11(a) of Rules Governing Section 2255 Proceedings. The substantial showing standard is met when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quotation marks omitted). In this case, the Court finds that the Defendant has failed to show any grounds

---

[4] To the extent the Defendant is arguing that his guilty plea must be vacated because the Indictment did not contain the element that he knew of his relevant status, the Seventh Circuit Court of Appeals has ruled in the context of a direct appeal "that omission of the *Rehaif* element is not a structural error." *United States v. Payne*, 964 F.3d 652, 657 (7th Cir. 2020) (citing *Maez*, 960 F.3d at 957–58).

7

for relief under § 2255 and that reasonable jurists would not dispute this result. Accordingly, the Court declines to issue a certificate of appealability as to the Defendant's Motion.

## CONCLUSION

For the reasons stated above, the Court DENIES the request for appointment of counsel in the Letter [ECF No. 85], DISMISSES the signed Motion to Vacate [ECF No. 88], and DISMISSES as moot the unsigned Motion to Vacate [ECF No. 86]. The Court declines to issue a Certificate of Appealability.

SO ORDERED on February 11, 2021.

                                              s/ Theresa L. Springmann
                                              JUDGE THERESA L. SPRINGMANN
                                              UNITED STATES DISTRICT COURT